[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15287
Non-Argument Calendar

_____

D. C. Docket No. 05-00201-CV-TWT-1

LINDA CLARK,

Plaintiff-Appellant,

versus

JOHN E. POTTER,
Postmaster General,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 30, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

The district court granted John E. Potter, the U.S. Postmaster General

("Postmaster"), summary judgment on the claims of racial discrimination and retaliation Linda Clark, an African-American, brought against him under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 3(a), 16(a),(c). Clark now appeals, contending that issues of material facts remain to be litigated and precluded summary judgment. She says that the evidence before the court demonstrated that white employees received progressive discipline, and therefore, were treated more favorably. Accordingly, Clark argues that she established a prima facie case of racial discrimination. Regarding her claim of retaliation, Clark asserts that the court's decision was based on evidence that was inconsistent and outside the record. Specifically, Clark says that the Postmaster retaliated against her after she filed each of her complaints with the Equal Employment Opportunity Commission by denying her requests for leave under the Family and Medical Leave Act ("FMLA") and by issuing a letter of warning, dated March 31, 2003, and a notice of suspension for attendance violations.

Race Discrimination

For Postal Service employees, Title VII requires that "[a]ll personnel actions affecting employees . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Where an employee supports her Title VII claim with circumstantial evidence, we analyze

her claim using the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). Under the McDonnell Douglas framework, the employee must first establish a prima facie case of discrimination. Id. To establish a prima facie case of disparate treatment, the employee must show that she "was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Id.

Title VII prohibits discrimination with respect to an employee's compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2(a). To establish an adverse employment action under Title VII, "an employee must show a *serious and material* change in the terms, conditions, or privileges of employment," as viewed by a reasonable person in the circumstances. Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original). Although proof of direct economic consequences is not required in all cases, the asserted impact "cannot be speculative and must at least have a tangible adverse effect on the [employee's] employment." Id. If an action has no effect on an employee, it is not an adverse employment action. Stavropoulos v. Firestone, 361 F.3d 610, 617 (11th Cir. 2004) (retaliation claim).

3

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). "The most important factors in the disciplinary context . . . are the nature of the offenses committed and the nature of the punishments imposed." Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001) (citation and quotation marks omitted). "In order to satisfy the similar offenses prong, the comparator's misconduct must be nearly identical to the plaintiff's in order to prevent courts from second guessing employers' reasonable decisions and confusing apples with oranges." Id. at 1259 (citation and quotation marks omitted). Summary judgment is appropriate if the plaintiff fails to show the existence of a similarly situated employee, and no other evidence of discrimination is present. Holifield, 115 F.3d at 1562.

In her brief, Clark relies on the Postmaster's March 31, 2003 letter of warning for disrespecting a supervisor, specifically, by using profanity, to establish an adverse employment action. The letter had no effect on Clark's employment. Clark admitted that she did not lose pay or suffer a loss of grade or employment benefits as a result of such disciplinary action. Clark does not allege that the letter

4

had any other tangible job effects, nor is there any such evidence. Accordingly, we hold that the Postmaster's issuance of the March 31 letter of warning to Clark for disrespecting a supervisor was not an adverse employment action.

To the extent that the March 31 letter did not constitute an adverse employment action, we need not consider whether Clark presented evidence as to whether similarly situated employees outside her class were treated more favorably with respect to that action. Nevertheless, the record indicates that Clark failed to present evidence to satisfy this element. Clark points to two similarly situated white employees who, unlike her, were not disciplined for disrespecting a supervisor or using profanity. The record indicates that the white employees received official discussions, followed by letters of warning, for their attendance infractions. Moreover, the one employee accused of similar conduct that Clark did identify was a member of the same protected class, African-American. In sum, Clark has not established a prima facie case regarding her race discrimination claim and we affirm the court's ruling.

Retaliation

"Once a plaintiff has established a prima facie case [of retaliation], the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action." Pennington v. City of Huntsville, 261

5

F.3d 1262, 1266 (11th Cir. 2001). If accomplished, the plaintiff then bears the ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct. Id.

Here, the parties do not dispute that Clark established a prima facie case of retaliation concerning each of the three asserted adverse actions. Clark has failed, however, to demonstrate that the Postmaster's proffered legitimate, non-retaliatory reasons for each action were pretextual.

As to the denial of Clark's request for FMLA leave on May 21, 2003, the record indicates that Lou Speller, Clark's immediate supervisor, denied Clark's request for leave and indicated leave without pay on her leave slip because she failed to submit the required documentation. Clark failed to provide evidence that she submitted the required documentation upon her return to work. Nevertheless, Clark's request for FMLA was approved after she submitted the required documentation. As to the denial of Clark's request for FMLA leave to cover her absences from August 29, 2003, to September 2, 2003, the record indicates that Clark failed to provide any evidence that she notified Speller of her request for FMLA leave or that she submitted an FMLA certification form within the required time-period. Rather, the record indicates that Clark asserted that she did not have notice of the FMLA requirements. Lastly, as to the February 4, 2004, notice of

seven-day suspension, Clark did not dispute the factual basis for her suspension, which was ultimately reduced to one day, and failed to present evidence that other similarly-situated employees were treated more favorably with respect to discipline for attendance violations. The district court therefore did not err in granting the Postmaster summary judgment on the retaliation claim.

AFFIRMED.